[613 NYS2d 750]

Patricia Iazzetta, Respondent, v Ronald R. Vicenzi et al., Appellants.

Third Department, June 23, 1994

## APPEARANCES OF COUNSEL

*Meiselman, Farber, Packman & Eberz, P. C.,* Mount Kisco *(Myra I. Packman* of counsel), for appellants.

*Brophy & Laub,* White Plains *(Alfred C. Laub* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Plaintiff commenced this dental malpractice action in July

1990 alleging that during the course of her treatment with defendants, which extended over a 22-year period beginning in October 1966, defendants failed to perform various dental procedures which caused permanent injuries to plaintiff, including "abscesses, breakdown of endontic structures and periodontal disease". Plaintiff also asserted causes of action which allege breach of contract and lack of informed consent. Defendants moved for partial summary judgment, contending that plaintiff's dental malpractice claim is time barred insofar as it arose out of treatment rendered more than 2½ years prior to the commencement of the action and that the lack of informed consent claim fails to state a cause of action. Supreme Court denied defendants' motion and they appeal.

Defendants' entitlement to partial summary judgment on plaintiff's dental malpractice claim depends upon the applicability of the continuous treatment doctrine, under which the relevant limitations period "is stayed 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (McDermott v Torre, 56 NY2d 399, 405, quoting Borgia v City of New York, 12 NY2d 151, 155). Essential to the application of the doctrine is the existence of a course of treatment established with respect to the condition that gives rise to the lawsuit (Nykorchuck v Henriques, 78 NY2d 255, 258-259). Neither the continuation of the physician/patient relationship nor the continuing nature of the diagnosis constitutes the requisite continuous treatment (McDermott v Torre, supra, at 405-406). "In the absence of continuing efforts by a doctor to treat a particular condition, none of the policy reasons underlying the continuous treatment doctrine justify the patient's delay in bringing suit" (Nykorchuck v Henriques, supra, at 259).

The evidence in the record establishes that plaintiff visited defendants' office approximately 180 times from October 1966 to December 1988. The treatment rendered by defendants included cleanings, fillings, crowns, bridges, root canals and the extraction of a number of teeth. Some of the treatment was rendered in a single visit. Other treatment, such as crown and bridge work, required a series of visits. Plaintiff testified in her examination before trial that she visited defendants for regular checkups, but only when defendants' office initiated the visit by calling her home. She initiated visits to defendants only when she had a problem with a particular tooth. According to plaintiff, defendants' office initially contacted her

about checkups at regular intervals, but thereafter the contacts became sporadic. As a result, there are approximately five substantial time periods, ranging from approximately one year to approximately three years, during which no visits occurred.

■ The evidence clearly establishes a continuous dentist/patient relationship over the 22-year period that defendants provided dental treatment to plaintiff. The record also contains opinion evidence from plaintiff's expert that plaintiff had periodontal disease to a limited extent during the early stages of the 22-year period and that the disease progressed because of defendants' failure to treat it. Nevertheless, we conclude that plaintiff failed to sustain her burden of establishing a continuous course of treatment with respect to the condition that gives rise to this action.

The treatment rendered by defendants over the period included a variety of different procedures on a substantial number of plaintiff's teeth. The procedures were not part of a regular course of treatment of a particular condition of the mouth, as plaintiff contends. Rather, the record discloses that the various procedures were done intermittently and each procedure was the result of a complaint by plaintiff about a particular tooth or the result of a particular problem discovered during a routine examination initiated by defendants' office. Although some teeth received more than one procedure and some of the procedures involved repair work related to prior procedures, we are of the view that the evidence establishes the resumption or renewal of treatment involving a variety of discrete and completed procedures, not the continuous treatment of the condition that gives rise to this action (see, Wehle v Giovanniello, 137 AD2d 680; Ciciless v Lane, 129 AD2d 759; see also, Hoch v Paloger, 150 AD2d 523). Defendants' failure to treat plaintiff's periodontal disease may well be negligent, but defendants' failure to establish a course of treatment does not constitute a course of treatment (see, Nykorchuck v Henriques, supra, at 259; Cizek v Bassett Hosp., 176 AD2d 1035, 1037-1038). Accordingly, the first cause of action in plaintiff's complaint must be dismissed insofar as it seeks damages arising out of treatment rendered by defendants more than 2½ years prior to the commencement of this action.

■ Defendants contend that plaintiff's lack of informed consent cause of action is legally insufficient and should have been dismissed. To state a cause of action for lack of informed

consent, plaintiff must allege that the wrong complained of arose out of some affirmative violation of plaintiff's physical integrity (see, Keselman v Kingsboro Med. Group, 156 AD2d 334, 335, lv dismissed sub nom. Keselman v Flatbush Med. Group, 76 NY2d 845). Thus, plaintiff's allegations of defendants' failure to treat her periodontal disease are insufficient. Plaintiff points to allegations in her amended bill of particulars that defendants failed to properly perform endodontic procedures and unnecessarily extracted teeth. The former allegation is not, in our view, the same as alleging that defendants improperly performed endodontic procedures. Rather, read in context, the allegation relates to defendants' failure to treat plaintiff's periodontal disease. We reach a contrary conclusion regarding the allegation of unnecessary extractions. The unnecessary extraction of a tooth clearly involves a wrong which arises out of an affirmative violation of plaintiff's physical integrity.

A lack of informed consent cause of action must also allege that a reasonably prudent person in the plaintiff's position would not have undergone the treatment if he or she had been fully informed and that the lack of consent is a proximate cause of the injury or condition for which recovery is sought (see, Public Health Law § 2805-d [3]; Dodes v North Shore Univ. Hosp., 149 AD2d 455, 456). Plaintiff failed to allege that a reasonably prudent person in her position would not have undergone the treatment if he or she had been fully informed. The amended complaint does, however, allege that due to defendants' failure to inform her of the alternative treatments available and the reasonably foreseeable risks existing at the time of the treatment, plaintiff was prevented from making an informed evaluation and decision as to whether she should submit to the treatment, and that as a direct and proximate result thereof she sustained injuries to her teeth, gums, mouth and facial structure. We conclude that plaintiff's allegations, liberally construed, satisfy the requirements of Public Health Law § 2805-d (3) (see, Rubino v Albany Med. Ctr. Hosp., 117 AD2d 909, 910). Supreme Court, therefore, correctly refused to dismiss the lack of informed consent cause of action.

■ Defendants also contend that plaintiff's breach of contract cause of action should be dismissed for legal insufficiency, but their motion for partial summary judgment did not seek dismissal of that cause of action. Plaintiff's cross motion, however, sought dismissal of a number of defendants' affirmative defenses and Supreme Court granted the motion as

to the fifth affirmative defense, which alleges that plaintiff's breach of contract cause of action fails to state a cause of action. Plaintiff's breach of contract cause of action is a redundant pleading of her malpractice claim and is subject to dismissal for failure to allege an express special promise to effect a cure or accomplish some definite result (see, Keselman v Kingsboro Med. Group, supra, at 335). Defendants' affirmative defense, therefore, has merit and Supreme Court erred in dismissing it.

MERCURE, J. P., CREW III, WHITE and YESAWICH JR., JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied in its entirety defendants' motion for partial summary judgment and granted plaintiff's cross motion to dismiss the fifth affirmative defense in defendants' answers; defendants' motion is granted to the extent that the first cause of action in plaintiff's complaint is dismissed insofar as it seeks to recover damages for treatment rendered by defendants more than 2½ years prior to the commencement of the action, and plaintiff's cross motion is denied insofar as it seeks to dismiss defendants' fifth affirmative defense; and, as so modified, affirmed.