■ BESICORP GROUP, INC., Appellant, v VILLAGE OF ELLENVILLE, Respondent. (And Another Related Action.) [613 NYS2d 763] —Weiss, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered June 9, 1993 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaints.

Plaintiffs in both actions own properties which adjoin the Beerkill Creek in the Village of Ellenville, Ulster County, and were damaged by flood waters in April 1987. Each plaintiff commenced an action against defendant alleging negligence in the performance of its responsibilities in connection with the Ellenville Flood Control Project. That project was conceived, designed and built by the United States Army Corps of Engineers pursuant to the Flood Control Act of 1962 (Public Law No. 87-874) which, together with State officials, regularly inspected the project. Defendant moved for summary judgment, arguing that the limited nature of its obligations to provide ordinary maintenance of the project were unrelated to and did not cause plaintiffs' damages. Supreme Court granted the motion and dismissed both actions.

Defendant established that the damage to plaintiffs' real property was attributable to design and construction defects, for which it had no responsibility, and that its continuing participation in the project was limited solely to cutting grass and brush, cleanup, fence repair and removal of woodchuck holes. Defendant further established that it was not responsible for structural inspections, repairs, improvements or operation of the Ellenville Flood Control Project. Since defendant established a prima facie entitlement to summary judgment dismissing the claims, it was incumbent upon plaintiffs to make an evidentiary showing that an issue of fact existed.

In opposition to the motion, plaintiffs were required to assemble and lay bare affirmative proof in evidentiary form to demonstrate that the matters alleged are real and capable of being established at trial (see, Zuckerman v City of New York, 49 NY2d 557). Their conclusory suggestion that unspecified discussions with defendant's officials created a special duty to

plaintiffs is insufficient to establish an issue of fact *(see, supra)*. Nor was a triable issue raised by a July 18, 1980 letter from defendant's engineer, who, at the request of a prior owner of the building now owned by plaintiff Besicorp Group, Inc., inspected the building foundation. While observing flood damage and describing the problem, the engineer opined that the *building* was not in immediate peril. The letter clearly indicates that the Army Corps of Engineers had inspected the flood wall, acknowledged responsibility for the problem and was apparently taking steps to provide a remedy. The letter indicates that defendant had assured the Army Corps of Engineers and the Department of Environmental Conservation access to the repair work area. In view of this unrebutted proof demonstrating that no factual issue existed as to the absence of defendant's responsibility in the project, Supreme Court properly granted defendant summary judgment dismissing the complaints.

Cardona, P. J., Mikoll, White and Peters, JJ., concur. Ordered that the order and judgment is affirmed, with costs.