■ ALFRED BORDEN et al., Respondents, v WILLIAM McDONALD, JR., Appellant, et al., Defendant. [623 NYS2d 959] —Casey, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 21, 1994 in Albany County, which, inter alia, denied a motion by defendant William McDonald, Jr. for summary judgment dismissing the complaint against him.

In keeping with the procedure prescribed for motions for summary judgment (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324), defendant William McDonald, Jr. (hereinafter defendant), as the movant, made a showing sufficient to entitle him to judgment as a matter of law. Defendant performed a cystoscopy on plaintiff Alfred Borden (hereinafter plaintiff) to remove a large calculus from plaintiff's bladder and a Foley catheter was inserted. The catheter was removed a few days later by a nurse on defendant's order. Defendant was not present during the removal procedure and claims, without contradiction, that standard medical procedure does not require his attendance. Plaintiff was discharged from the hospital on the same day and was experiencing no complications at

that time. Two weeks later, defendant saw plaintiff at a follow-up visit and plaintiff indicated he was experiencing some bleeding at the onset of urination. Defendant did nothing at this time except to request that plaintiff return in two weeks. Plaintiff failed to do so and also missed his next scheduled appointment. Several months later, plaintiff visited defendant with the same complaint of burning and intermittent blood in the urine. The X rays and other procedures prescribed by defendant revealed a stone in plaintiff's bladder which had formed around the latex tip of the Foley catheter that had been left in plaintiff's body. Defendant removed the catheter tip and stone, and plaintiff thereafter commenced this malpractice action.

Defendant Leonard Hospital's expert described the removal of the catheter as done "in a routine fashion" and stated that "it [was] not unusual for a small piece of a latex catheter to fragment and remain in the bladder". Thus, the expert concluded that there was no basis for finding a deviation from the accepted medical standard of care. Defendant further alleges that he had no knowledge or notice of any impropriety in the removal of the catheter by the nurse since he did not attend that procedure and was not required to do so by accepted medical practice or any rule or regulation.

In response to defendant's initial showing, which cast the burden on plaintiff to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact requiring a trial (see, Fileccia v Massapequa Gen. Hosp., 63 NY2d 639, affg 99 AD2d 796), plaintiff's expert rendered his opinion that the nurse's failure to remove the catheter intact and the failure of the nurse to examine the removed catheter were deviations from acceptable medical practice, which were the cause of plaintiff's recurrent condition requiring subsequent surgery and treatment. With respect to defendant, plaintiff's expert stated that if when defendant ordered the removal of the catheter he was aware that the nursing staff did not inspect or examine a removed catheter to determine if it was intact, this was a deviation from accepted medical standards.

The nurse who removed the catheter from plaintiff testified during her examination before trial that she had no recollection of removing the catheter, but that based upon her training and the hospital's policies it was standard procedure for her to remove the catheter without examining it. She would examine the catheter only if she encountered some problem. During his examination before trial, defendant testified that

when he removes a catheter it is his practice to examine the catheter to determine if it is intact. He also stated, "I don't think that it's standard policy for nurses to do that." Based upon his testimony and the opinion expressed by plaintiff's expert, we are of the view that a question of fact has been raised as to whether defendant deviated from accepted medical standards.

Cardona, P. J., Mikoll, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.