■ ELSIE B. RIZZO et al., Appellants, v LINCOLN DINER CORP. et al., Respondents. [626 NYS2d 280] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Levitt, J.), entered May 28, 1993, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion is denied.

At about 7:15 P.M. on December 22, 1989, a very cold night, as the plaintiff Elsie B. Rizzo was leaving the Merrick Townhouse Diner (hereinafter the diner) with her husband and granddaughter, she slipped on a mound of shaved ice that had been dumped on the walkway adjoining the parking lot where, within the preceding hour, an unrefrigerated truck had made a delivery of frozen fish. Two of the diner's employees had helped to unload the fish. Mrs. Rizzo's ankle was badly fractured, requiring surgical repair. Following discovery, the defendants moved for summary judgment on the ground that they had not created the condition, nor had they had actual or constructive notice of it. The court granted the defendants' motion, and the plaintiffs appeal. We now reverse.

In the context of a motion for summary judgment, the court is obliged to draw all reasonable inferences in favor of the non-moving party, and may not pass on issues of credibility

*(Negri v Stop & Shop,* 65 NY2d 625, 626; *Assaf v Ropog Cab Corp.,* 153 AD2d 520, 521; *Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 297). The plaintiffs have presented ample evidence, if true, to establish that the defendants, in the person of the diner manager and one of his employees, either created the icy condition or had actual notice of it *(see, e.g., Padula v Big V Supermarkets,* 173 AD2d 1094, 1096; *see also, Kelsey v Port Auth.,* 52 AD2d 801; *Cameron v Bohack Co.,* 27 AD2d 362, 365). Furthermore, the record suggests that the rather large accumulation of shaved ice lay upon the walkway near where the unrefrigerated truck had delivered its cargo of frozen fish for the better part of an hour before Mrs. Rizzo slipped and fell on it *(see, e.g., Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Negri v Stop & Shop,* 65 NY2d 625, 626, *supra).* In a case such as this, the "question of whether a defendant's conduct amounts to negligence is * * * a question for the trier of fact" *(Johannsdottir v Kohn,* 90 AD2d 842). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.