■ MICHAEL SHAY, Individually and as Administrator of the Estate of THERESA SHAY, Deceased, Appellant-Respondent, v ANTHONY C. PALOMBARO, Respondent-Appellant, et al., Defendants. [645 NYS2d 888] —Cardona, P. J. (1) Cross appeals from an order of the Supreme Court (Monserrate, J.), entered April 6, 1995 in Broome County, which, *inter alia*, granted defendant Anthony C. Palombaro's motion for summary judgment dismissing the complaint against him, and (2) appeal from the judgment entered thereon.

Plaintiff commenced this action in September 1991 to recover damages for the wrongful death of his wife, Theresa Shay (hereinafter decedent). Although he alleged that decedent's death resulted from the negligence of various dental and medical personnel, this appeal is limited to the treatment decedent received from defendant Anthony C. Palombaro (hereinafter defendant), a dentist. Plaintiff contends that defendant negligently failed to ascertain the medical and dental significance of decedent's heart murmur and defendant should have administered prophylactic antibiotics during the dental treatments provided to decedent.

Defendant began treating decedent in August 1984 and last saw her on February 20, 1990. At her first visit, decedent completed a medical evaluation form on which, *inter alia*, she indicated that she had a heart murmur and her treating physician was defendant David B. Zander. According to defendant, while he does not remember placing a telephone call to Zander regarding decedent, it was his standard practice in such instances to contact the patient's physician and inquire whether antibiotic premedication was recommended. There is also a notation on the initial evaluation form in defendant's handwriting that "no premed [is] needed as per Dr. Zander". It is not disputed that defendant never administered prophylactic antibiotics before treating decedent. Defendant's updated medical histories, based on decedent's subsequent visits, never indicated any change in her treating physician. At decedent's last visit to defendant, on February 20, 1990, she underwent a

periodic diagnostic examination and adult prophylaxis.[1] Thereafter, on April 17, 1990 she was admitted into a hospital where she died 10 days later with what was eventually diagnosed as acute bacterial endocarditis caused by staphylococcus aureus.

Defendant moved for summary judgment on the issues of negligence and causation. Although Supreme Court found that triable issues of fact existed as to whether defendant was negligent, it determined that plaintiff failed to rebut defendant's evidence that there was nothing linking decedent's death to the procedures performed by defendant on February 20, 1990. The court, therefore, granted defendant's motion.[2] Both sides appeal.

Turning first to defendant's appeal, he claims that Supreme Court erred in concluding that there were triable issues of fact regarding whether he deviated from accepted dental practice in his treatment of decedent. In his affidavit, defendant stated that when a patient indicates the presence of a heart murmur, it is good dental practice to contact the patient's physician to determine whether an antibiotic prophylaxis should be administered prior to treatment. He also averred that it is standard practice for a dentist to rely on the patient's physician to determine whether such antibiotic premedication is recommended. In his pretrial deposition, defendant also stated that he relied "entirely" upon the physician's determination as to whether prophylaxis was necessary and such a determination was not within defendant's purview. He testified that his actions were standard practice. Zander testified that he made no recommendation to decedent on prophylaxis. While he did not remember speaking to defendant about premedication, Zander said he probably would not have recommended prophylactic antibiotics. We conclude that defendant's evidence was sufficient to meet his burden as the proponent of the summary judgment motion (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-325; *Stuart v Ellis Hosp.*, 198 AD2d 559, 560). The burden then shifted to plaintiff to establish the existence of a triable issue of fact (*see, supra*).

We agree with Supreme Court that plaintiff satisfied his burden and that a material question of fact exists as to whether defendant deviated from accepted dental standards (*see, Ma-*

---

1. According to defendant, an adult prophylaxis consists of a rubber cup and pumice cleaning and may include a scaling and root planing if calculus is present.

2. Defendant made an alternative motion for leave to serve an amended answer. Having granted defendant's motion for summary judgment, Supreme Court found that the motion to amend was academic.

*succi v Feder,* 196 AD2d 416, 421-422; *see also, Borden v Mc-Donald,* 213 AD2d 921, 922-923). Plaintiff submitted the sworn and notarized letter of Michael Tullman, a Pennsylvania licensed dentist.[3] Tullman opined that defendant deviated from accepted dental practice by failing to document decedent's specific type of heart murmur. According to Tullman, Zander's recommendation to forego antibiotic prophylaxis was insufficient because it did not identify the murmur. Without such an identification, defendant "could not properly apply the [American Heart Association] guidelines for preventing bacterial endocarditis which is the standard in the dental profession". Tullman concluded that "[w]ithout knowing the type of murmur, [defendant] could not determine if the physician's recommendation was appropriate".

Plaintiff also submitted the affidavit of Alan Rosenthal, a New York licensed dentist. Rosenthal also opined that defendant "failed to fulfill his professional obligation * * * in the proper instruction and management of antibiotic prophylaxis" by failing to confirm the type of murmur. He stated that "a clear understanding of the condition and potential complications must be known" in order for a dentist to decide whether antibiotic prophylaxis is needed based on the American Dental Association's recommendations. Rosenthal further averred that the burden of responsibility for errors in treatment rested with the person performing the treatment. Based upon these submissions, we are of the view that Supreme Court properly concluded that issues of fact exist as to whether defendant was negligent. Defendant's remaining arguments on this point have been considered and rejected as unpersuasive.

Turning to plaintiff's appeal, he contends that Supreme Court erred in concluding that he failed to raise triable issues of fact on the issue of causation. We agree. In this regard, defendant satisfied his initial burden of proving that he was entitled to judgment as a matter of law, thereby shifting the burden to plaintiff to show to the contrary (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325, *supra; Douglass v Gibson,* 218 AD2d 856, 857). Defendant submitted the affidavit of defendant Haridas K. Varma, a board-certified physician of internal medicine and cardiology, who examined decedent while she was hospitalized prior to her death. Upon determining that decedent had a staphylococcus aureus infection instead of a streptococcal infection, Varma opined that the February 1990 dental procedure was not the cause of the endocarditis.

---

3. Contrary to defendant's contention, insofar as this letter was properly sworn to and not simply notarized, it was properly submitted (*cf., Stuart v Ellis Hosp., supra,* at 560).

In opposition to this evidence, plaintiff submitted, *inter alia*, the affidavits of two Pennsylvania physicians, as well as Tullman's letter. We agree with Supreme Court's conclusion that Tullman's letter, as well as the affidavit of one of the physicians, failed to contravene Varma's conclusion that the February 1990 dental procedure was not the cause of decedent's staphylococcus aureus-induced endocarditis. In our view, however, the affidavit and report submitted by Gordon Bendersky, a board-certified physician of internal medicine, were sufficient to raise a triable issue of fact. Bendersky stated that "[w]ithin reasonable medical certainty, as a direct result of the original omission of antibiotic prophylaxis on [February 20, 1990] and the * * * negligence from the moment of hospitalization, [decedent's] cardiac valves became irreparably damaged". He further opined that decedent's death "was doubtlessly preventable at several stages * * * starting with the [February 20, 1990] dental procedure". Bendersky specifically asserted that if the antibiotics had been given as endocarditis prophylaxis "the endocarditis would have been prevented".

Significantly, in our view, is Bendersky's express notation that the "echocardiogram proved the presence of the pre-existing aortic valve disorder, the lesion upon which the *staphylococcus* began its destruction" (emphasis supplied). Bendersky was, therefore, clearly aware that the cause of decedent's endocarditis was staphylococcus as opposed to streptococcus and was basing his conclusions on that fact. In light of the above-quoted language from Bendersky's affidavit and report, it is clear that Bendersky was of the opinion that the presence of staphylococcus did not preclude the conclusion that defendant's failure to use antibiotics caused decedent's endocarditis. Bendersky's determination that the endocarditis would have been prevented had decedent received antibiotics from defendant prior to the February 20, 1990 dental procedure was plainly based on his knowledge that the infection was staphylococcus instead of streptococcus. Thus, in our view, the Bendersky affidavit and report sufficiently raised a question of fact requiring a trial on the issue of whether defendant's failure to administer prophylactic antibiotics to decedent prior to her February 1990 dental treatment was a proximate cause of her death. In reaching this conclusion, we note that plaintiff, as the nonmoving party, is entitled to the benefit of every favorable inference which can be drawn from the documents submitted on his behalf (*see*, *Rizzo v Lincoln Diner Corp.*, 215 AD2d 546).

In light of our decision, we address defendant's supplemental

request that he be permitted to amend his answer to raise a Statute of Limitations defense. Supreme Court did not reach this issue given its grant of summary judgment in defendant's favor. Defendant's request was based on plaintiff's assertion, in opposition to defendant's motion for summary judgment, that plaintiff was not only claiming negligence in defendant's February 1990 treatment but was also claiming negligence in his treatment between 1984 and 1990. Asserting that this was the first time that he learned that plaintiff was claiming negligence beyond the February 20, 1990 date, defendant made his request to amend the answer.

The record supports defendant's argument. In addition, in our view, defendant satisfied his burden of demonstrating merit to the proposed amendment (see, Jacobsen v Amedio, 218 AD2d 872, 873-874). A review of decedent's dental records and defendant's pretrial testimony indicates that defendant's treatment of decedent from 1984 through 1990 was for a variety of different dental procedures; therefore the continuous treatment toll to the Statute of Limitations may not be applicable to this case (see, e.g., Iazzetta v Vicenzi, 200 AD2d 209, 212, lv dismissed 85 NY2d 857). We also find no prejudice to plaintiff and note that leave to amend pleadings is to be freely given (see, U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835, 836-837). Thus, under these circumstances, the motion for leave to amend should be granted.

Casey and Peters, JJ., concur.

Crew III, J. (concurring in part and dissenting in part). Although we agree with the majority that a genuine issue of fact exists as to whether defendant Anthony C. Palombaro (hereinafter defendant) deviated from acceptable dental practices, we are of the view that plaintiff failed to raise a question of fact as to whether defendant's treatment of Theresa Shay (hereinafter decedent) was the proximate cause of her endocarditis. Accordingly, we respectfully dissent.

Defendant Haridas K. Varma, a physician who is board certified in internal medicine and cardiology, initially was of the opinion that decedent's endocarditis was caused by streptococcus viridans, one of the most common organisms known to cause bacterial endocarditis following dental procedures. However, after blood cultures revealed that the bacteria-causing organism was staphylococcus aureus rather than streptococcus viridans, he concluded, with a reasonable degree of medical certainty, that defendant's dental procedure was not the cause of decedent's endocarditis. The majority concludes that a genuine issue of fact was raised by the affidavit of physi-

cian Gordon Bendersky, wherein he opined that had decedent been given antibiotics at the time of the dental procedure, death would have been prevented. A review of the record suggests that no one would or does argue with that proposition. However, such statement is a far cry from asserting that the dental procedure caused the staphylococcus organism which, in turn, caused decedent's death, thereby raising a genuine issue of fact as to causation.

We agree with the majority that plaintiff is entitled to the benefit of every favorable inference that can be drawn from the proof submitted. We view that principle as meaning where the facts presented are susceptible of conflicting inferences, the nonmoving party is entitled to the most favorable inference to be drawn from such facts (see, e.g., Rizzo v Lincoln Diner Corp., 215 AD2d 546). Here, we are not presented with facts susceptible of conflicting inferences. We are presented with a physician (Varma) who avers that, scientifically, staphylococcus aureus is not an organism produced by dental procedures, and the affidavit of another physician (Bendersky) who does not address that issue at all. To that end, we disagree that because Bendersky recognized staphylococcus as the infecting agent responsible for decedent's endocarditis, we may infer that he is of the opinion that the dental procedure caused such organism. To our way of thinking such an inference is entirely speculative. We think more appropriate to this case is the well-known maxim that plaintiff was required to assemble and lay bare affirmative proof that the staphylococcus organism was caused by the dental procedure undertaken by defendant (see, e.g., Besicorp Group v Village of Ellenville, 205 AD2d 944). This he has failed to do and we would, therefore, affirm Supreme Court's dismissal of the complaint against defendant.

White, J., concurs. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted defendant Anthony C. Palombaro's motion for summary judgment on the question of causation; said motion denied and said defendant's supplemental motion for leave to serve an amended answer granted; and, as so modified, affirmed.