■ JAMES N. PARSONS, Appellant, v MARTIN A. RUBIN et al., Respondents. [657 NYS2d 219] —Peters, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 19, 1996 in Ulster County, which granted defendants' motion for partial summary judgment dismissing plaintiff's claims pertaining to treatment rendered prior to March 8, 1990 as time barred.

In May 1992, plaintiff commenced this dental malpractice action against defendant Martin A. Rubin, in his individual capacity, and the professional corporation of the same name for failure to properly diagnose and treat plaintiff's periodontal disease during the time frame of their physician-patient relationship (Nov. 4, 1974 through Mar. 8, 1990). Defendants successfully moved for partial summary judgment dismissing those portions of plaintiff's claim pertaining to treatment rendered earlier than March 8, 1990.

After receipt of a copy of the proposed order prepared by defendants, plaintiff sent a letter to Supreme Court requesting permission to submit an alternative order providing that, notwithstanding the dismissal of the claims prior to March 8, 1990, plaintiff could present evidence at trial regarding Rubin's failure to diagnose and treat plaintiff's periodontal disease prior to such date. The court did not respond to his request. Upon receiving notice of entry of the proposed order, plaintiff, by letter, requested permission to submit a supplemental order encompassing his earlier request. Without ruling on such letter requests, Supreme Court stayed the trial pending this appeal.

According to plaintiff, the order should have included a sentence regarding the evidentiary implications because "the surrounding facts and circumstances" indicate that, at trial, Supreme Court intends to preclude evidence regarding any alleged malpractice predating March 8, 1990. We reject this argument. Inasmuch as there has been no ruling regarding the evidentiary implications of the dismissal of certain of plaintiff's claims (*see, Lopez v Massachusetts Mut. Life Ins. Co.*, 170 AD2d 583), there necessarily was no reduction of a ruling to a judg-

ment or order from which an appeal may be taken (*see*, CPLR 5512 [a]; *Westport Aviation Corp. v Kuntz*, 228 AD2d 978; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5512:1, at 161).

Plaintiff, relying primarily upon a decision of the Supreme Court of Virginia, also contends that Supreme Court erroneously granted defendants' motion, arguing that the failure to diagnose and treat his periodontal disease is a single indivisible cause of action for a continuous tort which, because it was commenced within $2^1/2$ years of the last treatment, was timely commenced in its entirety (*see*, *Farley v Goode*, 219 Va 969, 252 SE2d 594). However, New York's continuous treatment doctrine does not toll the $2^1/2$-year Statute of Limitations (*see*, CPLR 214-a) in situations where the physician-patient relationship was for repeated routine diagnostic examinations rather than ongoing treatment of a particular medical condition (*see*, *Massie v Crawford*, 78 NY2d 516, 519-520; *Charalambakis v City of New York*, 46 NY2d 785, 787).

The evidence submitted in support of defendants' motion reveals that Rubin treated plaintiff for discrete and separate conditions such as cleanings, X-rays, hard and soft tissue examinations and cavity fillings, and conducted routine checkups. Insofar as plaintiff failed to present evidence sufficient to raise a triable issue of fact, we find that Supreme Court appropriately granted defendants' motion for partial summary judgment.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.