■ ALLEN DUBOSE, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [680 NYS2d 95] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered on or about January 12, 1997, which, *inter alia*, granted defendants' motion to dismiss plaintiff's complaint for failure to file a timely notice of claim pursuant to General Municipal Law § 50-e (5) to the extent of dismissing plaintiff's claims for aggravation of his spinal injuries, unanimously affirmed, without costs.

Inasmuch as the subject notice of claim in this medical malpractice action against the New York City Health and Hospitals Corporation was filed by plaintiff over one year and 11 months from the date upon which his spinal injuries were allegedly aggravated, the subject notice of claim, a condition precedent to defendants' liability for the injuries claimed therein, was untimely unless the period of plaintiff's treatment by defendants for the cited injuries may be extended through application of the continuous treatment doctrine (*Allende v New York City Health & Hosps. Corp.*, 90 NY2d 333, 337). The relevant medical records, however, provide no support for plaintiff's assertion that, subsequent to his discharge from post-surgical physical therapy, he continued to be treated at Bronx Municipal Hospital Center for his spinal injuries. While the medical record discloses that on the date of his discharge, September 3, 1978, plaintiff was directed to return for therapy on September 15, 1978, there is no subsequent indication that he returned on that date or, indeed, that he again received therapy at Bronx Municipal Hospital Center. Although the medical record indicates that plaintiff was examined at Bronx Municipal Hospital Center on December 12, 1978, it is clear that that examination related primarily to the discovery of a wire suture and did not involve physical therapy. Plainly, these are not circumstances from which it is possible to infer that "the physician and patient reasonably intend[ed] the patient's uninterrupted reliance upon the physician's observation, directions, concern, and responsibility for overseeing the patient's progress" (*Richardson v Orentreich*, 64 NY2d 896, 899) and, accordingly, the legal requisites of continuous treatment have not been established (*supra; accord, Allende v New York City Health & Hosps. Corp.*, 90 NY2d, *supra*, at 338). We note in addition that in light of the absence of any medical records

indicative of a course of treatment continuing beyond plaintiff's September 3, 1978 discharge, plaintiff's reliance upon his own General Municipal Law § 50-h hearing testimony, wherein he stated that he returned to Bronx Municipal Hospital Center for post-discharge therapy relating to his spinal injuries, was insufficient to withstand a motion for summary judgment (*see, Ganess v City of New York*, 85 NY2d 733, 736). Moreover, according to plaintiff, the exacerbation of his spinal injuries was allegedly due to the actions of EMS and/or Lincoln Hospital personnel. The purported continuing treatment was rendered by Jacobi Hospital. Where the continuing treatment is provided by someone other than the allegedly negligent practitioner, there must be an agency or other relevant relationship between the health care providers (*Allende v New York City Health & Hosps. Corp.*, 90 NY2d, *supra*, at 339). Health and Hospitals Corporation ownership alone does not establish the necessary nexus (*supra,* at 340), nor, in this case, is there evidence of additional circumstances from which such a nexus might be inferred. Concur—Sullivan, J. P., Nardelli, Williams and Mazzarelli, JJ.