DAVID JOHANSON et al., Appellants, v WILLIAM SULLIVAN, Respondent. [891 NYS2d 184]—

Garry, J.

---

Beginning in approximately 1990, plaintiff David Johanson (hereinafter plaintiff) was a patient of defendant's dental practice in Saratoga County and saw defendant regularly for examinations, cleanings, cavity fillings, and removals. Defendant retired in 2006 and, in May 2007, plaintiff began receiving dental care from defendant's successor, who observed that plaintiff had suffered bone loss from advanced periodontal disease and referred him to a specialist. In October 2007, plaintiffs commenced this action seeking damages for dental malpractice, alleging that defendant had negligently failed to diagnose and treat plaintiff's periodontal disease between July 21, 2003 and December 12, 2006. The action also alleges lack of informed consent and asserts a derivative claim on behalf of plaintiff's wife. Defendant's answer included the affirmative defense of the statute of limitations. Supreme Court granted defendant's subsequent motion for partial summary judgment dismissing plaintiffs' dental malpractice claims based on treatments prior to April 10, 2005, as well as the informed consent claim. Plaintiffs now appeal.

Supreme Court found that plaintiffs' claims before April 2005 were time-barred and that the continuous treatment doctrine did not apply to toll the running of the limitations period. An action for dental malpractice "must be commenced within two years and six months of the act, omission or failure complained of *or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure*" (CPLR 214-a [emphasis added]). Under the continuous treatment doctrine, the running of the statute of limitations is tolled until the end of a course of treatment when "the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Iazzetta v Vicenzi*, 200 AD2d 209, 211 [1994], *lv dismissed* 85 NY2d 857 [1995] [internal quotation marks and citations omitted]). The purpose of the doctrine is "to enforce the view that a patient should not be required to interrupt corrective medical treatment by a physician and undermine the continuing trust in the physician-patient relationship in order to ensure the timeliness of a medical malpractice action or notice of claim" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *see Massie v Crawford*, 78 NY2d 516, 519 [1991]; *Borgia v City of New York*, 12 NY2d 151, 156 [1962]). "Because a patient who is not aware of the need for further treatment of a condition is not faced with the dilemma that the doctrine is designed to prevent," allegations that a defendant failed to timely treat a condition do not establish a course of treatment giving rise to application of the doc-

trine (*Young v New York City Health & Hosps. Corp.*, 91 NY2d at 296 [citations omitted]). As the Court of Appeals has established, "[w]hile the failure to treat a condition may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" (*Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]).

Here, the record includes no indication that plaintiff was treated for periodontal disease before 2007, and the gravamen of plaintiffs' complaint is that defendant did not diagnose or treat the condition. Nonetheless, plaintiffs contend that the doctrine should apply, claiming that the requirement for a course of treatment was met by the regular visits plaintiff made to defendant between 1997 and 2006 for such purposes as cleanings, examinations, and cavity fillings. In this regard, plaintiffs contend that one reason good dental practice includes regular examinations is to avoid periodontal disease, and that such visits should therefore be considered to be treatments of that condition for this purpose. Supreme Court correctly rejected this contention. CPLR 214-a provides that "the term 'continuous treatment' shall not include examinations undertaken at the request of the patient for the sole purpose of ascertaining the state of the patient's condition." Continuous treatment does not include routine diagnostic examinations, visits for reasons not related to the condition addressed in the malpractice claim, or a general doctor-patient relationship (*see Massie v Crawford*, 78 NY2d at 520; *Boyle v Fox*, 51 AD3d 1243 [2008], *lv denied* 11 NY3d 701 [2008]). This reasoning applies with equal force to dental treatments. Where, as here, a dentist failed to diagnose and treat periodontal disease in the course of a series of visits for purposes limited to "cleanings, X-rays, hard and soft tissue examinations and cavity fillings, and . . . routine checkups," the continuous treatment doctrine was not implicated (*Parsons v Rubin*, 239 AD2d 653, 654 [1997]). We have previously held that continuous treatment was not established when dentists failed to diagnose and treat a patient's periodontal disease during a 22-year history of dental treatment that included cleanings, fillings, crowns, bridges, root canals, and the extraction of a number of teeth, as the "[d]efendants' failure to treat [the] plaintiff's periodontal disease may well be negligent, but [the] defendants' failure to establish a course of treatment does not constitute a course of treatment" (*Iazzetta v Vicenzi*, 200 AD2d at 212; *see Smith v Fields*, 268 AD2d 579, 580 [2000]; *see also Shay v Palombaro*, 229 AD2d 697, 701 [1996]). Supreme Court properly found that plaintiffs' claims before April 10, 2005 were time-barred.

Plaintiffs further contend that Supreme Court improperly

dismissed their claim of lack of informed consent. To state such a claim, "plaintiff[s] must allege that the wrong complained of arose out of some affirmative violation of plaintiff's physical integrity" (*Iazzetta v Vicenzi*, 200 AD2d at 213). Plaintiffs allege no such affirmative violation here, contending instead that defendant failed to inform plaintiff of the risks of failing to treat periodontal disease. This is insufficient to state a claim for lack of informed consent (*see Smith v Fields*, 268 AD2d at 580; *Iazzetta v Vicenzi*, 200 AD2d at 212-213).

Cardona, P.J., Peters, Kane and Stein, JJ., concur. Ordered that the order is affirmed, with costs.