■ MARLANA CONTI, an Infant, by ANTHONY F. CONTI, Her Father and Natural Guardian, Respondent, v ALBANY MEDICAL CENTER HOSPITAL et al., Appellants, et al., Defendants.— Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered October 28, 1988 in Albany County, which denied the motion of defendants Albany Medical Center Hospital, Arthur A. Stein and Donald N. Baxter for summary judgment dismissing the complaint against them.

On December 16, 1971 plaintiff, four-year-old Marlana

---

Conti, was brought to defendant Albany Medical Center Hospital (hereinafter the hospital) with a history of vomiting and weight loss. After diagnostic testing confirmed the presence of a brain tumor, surgery was performed by Dr. Richard Lende, a private physician, and most of the tumor was removed. Following surgery, tissue samples were examined and an initial report prepared by defendant Arthur A. Stein, the hospital's associate pathologist. The tissue samples were then examined and a further report prepared by defendant Kevin D. Barron, a neuropathologist. Thereafter, defendant Donald N. Baxter, a radiation oncologist employed by the hospital, administered radiation therapy to plaintiff over a period of approximately four weeks. Plaintiff required several subsequent operations at the hospital, including the insertion of a shunt to relieve intracranial pressure and surgical procedures required to remedy complications that arose therefrom, and now suffers from various medical problems including mental retardation, stunted growth and impaired mobility.

In August 1984, plaintiff brought this action for damages allegedly sustained as a result of the medical malpractice and negligence of the hospital, Stein, Baxter and five other physicians not involved in this appeal. The complaint alleges a failure to properly diagnose and treat plaintiff's condition, the performance of surgery which resulted in the irreversible destruction of brain tissue, the introduction of bacteria and other infectious material into plaintiff's skull, the mistaken evaluation of plaintiff's condition as hopelessly terminal and the failure to adequately monitor plaintiff while she was under defendants' care and supervision. The bill of particulars further alleges that Stein "participated in the incorrect identification of the tumor". Following joinder of issue and examinations before trial, Stein, Baxter and the hospital (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Supreme Court denied the motion and defendants now appeal.

Initially, we disagree with Supreme Court's determination that defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. We are of the view that defendants tendered sufficient evidence to demonstrate the absence of any material issues of fact (see, Winegrad v New York Univ. Med. Center, 64 NY2d 851, 853). The proper inquiry here is whether defendants have made a prima facie showing that no material triable issues of fact exist as to the claims of malpractice asserted against defendants in the complaint as amplified by the bill of particulars (see, Alvarez v

*Prospect Hosp.,* 68 NY2d 320, 325). This burden can be met by placing deposition testimony and medical records before the court which rebut plaintiff's claim of malpractice with factual proof *(see, supra,* at 325-326).

Here, defendants supported the motion for summary judgment with affidavits of their attorney and John Irvin, an employee in the hospital's department of risk management, pathology reports, and transcripts of examinations before trial of Stein, Baxter and Barron. It can be determined from Irvin's affidavit and the other evidence submitted on the motion that, of the acts of malpractice specified in the complaint and bill of particulars, only those medical services relating to analysis and diagnosis of the material removed from plaintiff's brain and Baxter's subsequent radiation treatment were performed by hospital employees.* Plaintiff's position concerning the pathology services is that Stein's diagnosis of the tumor was correct and that Barron rendered an incorrect diagnosis of a terminal malignancy. Although far less clear, plaintiff apparently claims that Baxter deviated from sound medical practice in relying upon Barron's diagnosis in determining the course of radiation treatment rendered to her.

In Stein's report, under the portion designated "DIAGNOSIS", he gave a detailed description of cells showing different physical characteristics and concluded with the statement that "[t]he tumor is compatible with a subependymal astrocytoma". Barron also described tumor cells of several types, including those described by Stein, but gave a diagnosis of malignant mixed glioma. Baxter testified at an examination before trial that the diagnoses were not incompatible. Rather, the descriptions of the cellular contents of the tumor were very similar and any difference between the reports is attributable to the fact that Stein did not commit himself with respect to the grade of the tumor. It should be noted in this regard that Barron was a nationally recognized expert, with the unique distinction of being both a neurologist and a neuropathologist.

---

* In our view, the claims of "failure to properly * * * treat the condition of the infant plaintiff", "[t]he introduction of bacteria and other infectious material into the skull of the infant plaintiff", "[f]ailing to monitor the infant plaintiff while she was under [defendants'] care and supervision with the same degree of thoroughness and diligence accorded to patients not considered terminal and having hope of recovery" and "[o]ther acts and omissions constituting malpractice and negligence" are so devoid of particularity, both as to act and actor, as to place no additional burden upon the moving defendants *(see, Brusco v St. Clare's Hosp. & Health Center,* 128 AD2d 390, 391, *appeal dismissed* 70 NY2d 692, *lv denied* 70 NY2d 606).

Accordingly, the hospital had a specific policy concerning the examination of neurological specimens whereby the pathology department would perform only "routine processing", expressing an opinion in a "guarded manner" and not making "discrete diagnoses", and then forward the specimen to the neuropathology department for further analysis and ultimate diagnosis. Of even greater significance is Baxter's testimony that, although he relied primarily upon the report prepared by Barron, both reports described a glial tumor and his course of radiation would have been no different had he relied exclusively upon Stein's report.

This evidence persuasively refutes plaintiff's claims of misdiagnosis and of improper treatment by Baxter, thus shifting the burden to plaintiff to come forward with competent medical evidence to support the claim of malpractice (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324-325, supra). Plaintiff produced nothing in opposition to the motion except an affidavit of her attorney, hospital records, correspondence and excerpts from deposition transcripts. Significantly absent from the record is a competent medical opinion that any of the physicians named as defendants or the hospital or any of its employees or agents were guilty of malpractice or negligence (see, supra, at 327; Witt v Agin, 112 AD2d 64, 66, affd 67 NY2d 919; Neuman v Greenstein, 99 AD2d 1018). "General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [defendants'] summary judgment motion" (Alvarez v Prospect Hosp., supra, at 325; see, Fileccia v Massapequa Gen. Hosp., 99 AD2d 796, affd on mem below 63 NY2d 639). Accordingly, given the absence of any expert medical opinion supporting plaintiff's claims, defendants' motion should have been granted and the complaint dismissed against them.

Order reversed, on the law, without costs, motion granted and complaint dismissed against defendants Albany Medical Center Hospital, Arthur A. Stein and Donald N. Baxter. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.