■ MOLLIE FRIDOVICH, as Executrix of BELLA FINKEL, Deceased, Respondent, v DENNIS R. DAVID, Appellant, et al., Defendants.—Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered April 2, 1992 in Schenectady County, which denied defendant Dennis R. David's motion for summary judgment dismissing the complaint against him.

On December 8, 1980, defendant Dennis R. David (hereinafter defendant) performed an emergency exploratory laparotomy on plaintiff's decedent, Bella Finkel, an 80-year-old

woman, in order to stop suspected bile leakage and ascertain other problems. During the procedure, defendant found a hard mass at the head of the pancreas which he clinically diagnosed as carcinoma. According to defendant, given Finkel's age, condition and the risk associated with further surgery, a biopsy to confirm his diagnosis was not performed. Finkel died of cardiac arrest on April 16, 1982. Plaintiff, as executrix of Finkel's estate, commenced this medical malpractice and wrongful death action alleging, *inter alia,* that defendant was negligent when he failed to perform a biopsy to confirm his diagnosis, and that such negligence led to Finkel's injuries and death. Following joinder of issue, service of a bill of particulars and depositions of the parties, defendant moved for summary judgment dismissing the complaint against him. Supreme Court denied defendant's motion. Defendant appeals.

We reverse. It has been frequently stated that "the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" *(Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). Once a prima facie showing has been made, the burden shifts to the opponent who must "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" *(supra; see, Zuckerman v City of New York,* 49 NY2d 557, 562). In a medical malpractice action, the burden on a plaintiff opposing a motion for summary judgment is to establish not only a deviation or departure from accepted practice but also the "requisite nexus between the malpractice allegedly committed by defendant * * * and the [injury and/or] demise of plaintiff's decedent" *(Ferrara v South Shore Orthopedic Assocs.,* 178 AD2d 364, 366; *see, Amsler v Verrilli,* 119 AD2d 786, 787; *Kletnieks v Brookhaven Mem. Assn.,* 53 AD2d 169, 176) unless the causal relationship is readily apparent to the trier of fact *(see, Monahan v Weichert,* 82 AD2d 102, 107; *cf., Diviak v Schulefand,* 140 AD2d 950, 951).

In our view, defendant, through averments that a biopsy was contraindicated, made a prima facie showing of entitlement to judgment as a matter of law, thereby shifting the burden to plaintiff to come forward with evidentiary proof sufficient to raise triable issues of fact *(see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra).* Contrary to Supreme Court's determination, plaintiff failed to satisfy that burden. Although plaintiff's expert, Yusuf Silk, averred that defendant deviated from acceptable medical practice in

failing to follow up on his initial clinical diagnosis by performing a biopsy, there is no expert proof that the alleged deviation proximately caused injury to Finkel. Silk's affidavit does not state that defendant's diagnosis prevented care from being administered or that a biopsy would have increased Finkel's chances of survival. In the absence of evidence of a causal nexus, plaintiff failed to create an issue of fact precluding summary judgment *(see, Amsler v Verrilli, supra)*.

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Dennis R. David and complaint dismissed against said defendant.