◼ JAMES B. DOUGLASS, Appellant, v MARK D. GIBSON et al., Respondents, et al., Defendant. [630 NYS2d 401] —Cardona, P. J. Appeal from an order of the Supreme Court (Ellison, J.), entered September 6, 1994 in Chemung County, which granted a motion by defendants Mark D. Gibson and William C. Bishop for summary judgment dismissing the complaint against them.

On December 1, 1988, defendant Mark D. Gibson surgically removed a previously placed fixation device from plaintiff's left hip. Following the surgery, plaintiff was placed in a vest restraint. Although no doctor ordered that plaintiff be restrained, his wife requested restraints during plaintiff's admission procedures because he had become confused in the past after surgery. Plaintiff was 64 years old at the time and suffering from Parkinson's disease. On the day after the surgery, plaintiff was examined by Gibson's partner, defendant William C. Bishop, who found him to be in stable condition. In the early morning hours of December 3, 1988, it was discovered that plaintiff had fallen between the side rails of his bed and suffered a fracture of his left distal femur.

Plaintiff commenced this medical malpractice action against Gibson and Bishop (hereinafter collectively referred to as defendants) alleging, *inter alia*, that they were negligent in failing to order that plaintiff be appropriately restrained, in failing to provide him with an adequate restraint and in failing to adequately monitor him. The bill of particulars further alleged that defendants failed to properly supervise staff personnel. Following joinder of issue and examinations before trial, defendants moved for summary judgment dismissing the complaint against them. Supreme Court granted the motion and plaintiff now appeals.

Initially, we are of the view that defendants made a prima facie showing that no material issues of fact exist as to the alleged malpractice asserted against them in the complaint as amplified by the bill of particulars (*see*, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325; *Conti v Albany Med. Ctr. Hosp.*, 159 AD2d 772, *lv denied* 76 NY2d 702). In support of their motion, defendants submitted, *inter alia*, their own affidavits, the affidavits of their attorney and Donald Douglas, a physician, as

well as hospital records and transcripts of examinations before trial of staff personnel. Through this and other evidence in the record, defendants established that although they did not order plaintiff to be restrained, the vest restraint placed on him was appropriate and would have been the same device they would have ordered postoperatively. Douglas averred that the vest restraint used was the standard restraint and was not a departure from accepted medical standards of care. Defendants also established that no additional or further restraint prior to the incident was medically indicated. Finally, defendants sufficiently rebutted plaintiff's claim of improper supervision.

Given this evidence, the burden shifted to plaintiff to come forward with evidentiary proof sufficient to raise a question of fact (*see, Kean v Community Gen. Hosp.,* 195 AD2d 910, *lv denied* 83 NY2d 752). His evidence, in opposition to defendants' motion, consisted of the affidavits of Patricia Newland, a registered nurse, and Miles St. John, a surgeon. These averments, however, lacked the requisite level of proof necessary to defeat defendants' motion (*see, Burt v Lenox Hill Hosp.,* 141 AD2d 378). These affidavits state that based on plaintiff's prior medical history, he was a "high risk" patient who needed more secure restraints than those provided and that defendants' failure to do so constituted a deviation from accepted medical practice. They claim that on previous occasions plaintiff had attempted to get out of bed and had fallen or injured himself. Notably absent from the record, however, is any evidence of any such prior incidents to support these allegations. Therefore, the allegations are conclusory, unsupported by competent evidence and fail to raise a question of fact (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 325, *supra*). The affidavits also claim malpractice due to the lack of a physician's order to use a restraint. Defendants, however, averred that, had they ordered a restraining device, it would have been the vest restraint actually used. Thus, insofar as a restraint was in fact used and was the same one that would have been ordered, the failure to so order does not raise an issue of fact.

Plaintiff also failed to offer any competent proof that another physician would have ordered anything other than a vest restraint. Although Newland's affidavit claimed that a more secure device was required, she was giving her professional opinion as to what a physician should have ordered which, in our view, went beyond her professional and educational experience and cannot be considered "competent medical opinion" on this issue (*Conti v Albany Med. Ctr. Hosp.,* 159 AD2d 772, 775, *supra*). As to St. John's averment that a more secure restraint

was warranted, this was based only on his unsupported assertion that plaintiff was a high risk patient. Unlike the situation in *Nandy v Albany Med. Ctr. Hosp.* (155 AD2d 833, 834), where we noted that the defendants' assertions concerning the failure to include medical records with the physician's affidavit were based on a claim of deficiency "in some unidentified respect", here that is not the case. There were no medical records submitted to support the specifically disputed factual assertion that there were prior falls, which was the basis for St. John's conclusion that plaintiff was a high risk patient.

We also note that plaintiff failed to offer any proof that the type of security restraint he claims should have been used would have prevented him from falling. He thus failed to establish the requisite nexus between the alleged malpractice and his injury (*see, Fridovich v David*, 188 AD2d 984). Finally, plaintiff submitted no adequate proof on the issue of sufficient oversight of plaintiff's case or of staff personnel. We therefore conclude that summary judgment was properly awarded to defendants. Plaintiff's remaining arguments are rejected as unpersuasive.

Mercure, White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.