Cynthia Horth, Appellant, v Ziyad Mansur, Respondent. [663 NYS2d 703] —Spain, J. Appeal from an order of the Supreme Court (Mugglin, J.), entered October 15, 1996 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1984, plaintiff underwent two surgical procedures for endometriosis. The pain began reoccurring in 1991, at which time plaintiff sought the services of defendant, a surgeon then practicing obstetrics and gynecology. According to defendant, he diagnosed plaintiff with endometriosis and/or severe adhesions and he initially discussed three alternatives with her: waiting, treating the problem with medication or performing a laparoscopy. Although plaintiff first chose to try medication, defendant subsequently performed surgery on plaintiff which removed the remainder of her right ovary and the extensive adhesions that had formed. The incision was made along the scar from the prior incisions all the way into the abdomen. Afterward, plaintiff complained of continuing pelvic pain and felt that she was not healing as well as she had after the previous operations. She was later examined and diagnosed as having an internal nerve injury just above the abdomen. Thereafter, plaintiff commenced the instant action against defendant alleging four causes of action that arose from the surgery he performed: (1) medical malpractice, (2) fraudulent concealment of the malpractice, (3) medical malpractice under the doctrine of res ipsa loquitur, and (4) lack of informed consent. After the

completion of discovery defendant moved for and was granted summary judgment. Plaintiff appeals.

We affirm. Initially, we reject plaintiff's contention that defendant, in support of his motion, failed to make a prima facie showing of entitlement to judgment as a matter of law. It is beyond cavil that in support of a motion for summary judgment, the movant must establish an entitlement to judgment as a matter of law by producing evidence demonstrating the absence of any genuine issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Shay v Palombaro*, 229 AD2d 697, 699; *Douglass v Gibson*, 218 AD2d 856, 857). The evidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference (*see, Rizk v Cohen*, 73 NY2d 98, 103). Only after the movant has made this prima facie showing does the burden shift to the party opposing the motion to produce evidence showing the existence of material issues of fact which would require a trial (*see, Alvarez v Prospect Hosp.*, *supra*, at 324; *Maiorano v Price Chopper Operating Co.*, 221 AD2d 698, 699). In a medical malpractice action, the physician's burden on a motion for summary judgment can be met by the submission of affidavits and/or deposition testimony and medical records which rebut plaintiff's claim of malpractice with factual proof (*see, Conti v Albany Med. Ctr. Hosp.*, 159 AD2d 772, 774, *lv denied* 76 NY2d 702). The plaintiff must then rebut the prima facie showing that the physician was not negligent (*see, Alvarez v Prospect Hosp.*, *supra*, at 324). In order to do this, the plaintiff needs "to establish not only a deviation or departure from accepted practice but also the 'requisite nexus between the malpractice allegedly committed by defendant * * * and the [injury] * * *' * * * unless the causal relationship is readily apparent to the trier of fact" (*Wahila v Kerr*, 204 AD2d 935, 937, quoting *Fridovich v David*, 188 AD2d 984, 985 [citation omitted]). Generally, conclusory allegations of medical malpractice, unsupported by evidence, are insufficient to defeat a motion for summary judgment (*see, Alvarez v Prospect Hosp.*, *supra*, at 325).

Here, defendant submitted the pleadings, portions of his and plaintiff's depositions, plaintiff's medical records, his own sworn affidavit as well as the affidavit of Saeed Bajwa, a neurosurgeon. In his affidavit, defendant unequivocally stated that he did not sever or damage any of plaintiff's nerves during the procedure, which he claimed was performed consistent with accepted medical standards. Hospital records on the surgery indicated no signs of abnormalities or overt negligence by de-

fendant. In addition, Bajwa's affidavit stated that he had examined plaintiff and reviewed her medical history and "was unable to find any objective support for the plaintiff's complaints of pain or her allegations of nerve and/or muscle damage resulting from the surgery performed by [defendant]", and he listed eight facts upon which he based his opinion. Bajwa also asserted that it was possible for nerve or muscle damage to occur during surgery even in the absence of negligence and concluded that "[i]t is my opinion, within a reasonable degree of medical certainty, that the plaintiff did not sustain nerve and/or muscle damage as a result of the 1991 surgery by [defendant]". We agree with Supreme Court that defendant established an entitlement to summary judgment (*see, Alvarez v Prospect Hosp., supra,* at 325; *Douglass v Gibson, supra,* at 856-857).

In opposition to the motion, plaintiff submitted, *inter alia,* the affidavits of three physicians. Upon review, however, we also agree with Supreme Court that the physicians failed to overcome defendant's entitlement to summary judgment. The record reveals that one physician stated that "there is every opportunity for the nerves in question to be injured or transected", and later referred to the link between defendant's incision and plaintiff's injury as a "possibility". We conclude, however, that such speculation cannot substitute for a causal link between defendant's surgery and plaintiff's alleged injury. The two other physicians were able to state that plaintiff suffered real and quantifiable pain; however, neither were able to conclude that the pain was the result of defendant's malpractice. We conclude that there was no expert proof that defendant's alleged deviation in surgery of carrying the incision down to the abdomen was negligent or proximately caused injury to plaintiff's nerves. In the absence of a causal nexus, plaintiff failed to create an issue of fact precluding summary judgment (*see, Wahila v Kerr, supra,* at 935; *Fridovich v David, supra,* at 985).

Finally, based upon plaintiff's failure to address in her brief Supreme Court's dismissal of her remaining causes of action, her appeal from such dismissals is deemed abandoned (*see, Deising v Town of Esopus,* 204 AD2d 940, 942; *Rabideau v Albany Med. Ctr. Hosp.,* 195 AD2d 923; *Lamphear v State of New York,* 91 AD2d 791).

Crew III, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.