■ Grace A. Jordan et al., Respondents, v Glens Falls Hospital et al., Defendants, and Richard Saunders, Appellant. [689 NYS2d 538] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Dier, J.), entered December 17, 1997 in Warren County, which denied defendant Richard Saunders' motion for summary judgment dismissing the complaint against him.

In December 1992, plaintiff Grace A. Jordan (hereinafter

plaintiff) was treated by defendant Richard Saunders (hereinafter defendant) for a cut she sustained to her finger from the lid of a can. Defendant closed the wound, applied benzoin and covered it with a steri-strip, and instructed plaintiff to soak the finger in peroxide and water and to keep it splinted; plaintiff was also advised to contact defendant if she experienced any complications. By plaintiff's own account, the wound healed and she canceled a follow-up visit with defendant. Approximately one month later, however, plaintiff developed cellulitis and osteomyelitis in her right ankle, which she attributes to defendant's negligence in attending her lacerated finger.

The gravamen of this malpractice claim is that defendant ignored the fact that approximately 20 years earlier plaintiff had received chemotherapy and radiation treatment for Hodgkin's disease and, according to plaintiff, because this treatment weakened her immune system, it was imperative that antibiotics should have been prescribed to ward off the onset of infection. Defendant's motion for summary judgment having been denied, this appeal followed.

In support of his motion, defendant and an expert, both medical doctors, proffered affidavits attesting that the prescription of antibiotics was unnecessary because plaintiff exhibited no signs of infection and, further, that plaintiff's treatment for Hodgkin's disease almost twenty years earlier "was not significant in regard to [defendant's] treatment of the * * * finger laceration". Having made a prima facie showing of entitlement to summary relief, the burden devolved upon plaintiffs to come forward with proof in admissible form establishing the existence of material issues of fact requiring a trial (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *Stuart v Ellis Hosp.*, 198 AD2d 559, 560). Plaintiffs met their burden and, accordingly, we affirm.

In opposition, plaintiffs initially relied upon the affidavit of Jack Rosenberg, a pharmacologist, who opined that in light of plaintiff's past medical history, defendant should have prescribed "prophylactic antimicrobial therapy". Supreme Court correctly disregarded this affidavit for, although Rosenberg possesses a Ph. D. in pharmacology, and an impressive curriculum vitae, he is not a medical doctor and hence his opinion as to the course of treatment defendant should have undertaken was beyond his "professional and educational experience and cannot be considered 'competent medical opinion' on [the] issue" of defendant's negligence (*Douglass v Gibson*, 218 AD2d 856, 857, quoting *Conti v Albany Med. Ctr. Hosp.*, 159 AD2d 772, 775, *lv denied* 76 NY2d 702).

Plaintiffs also relied on a physician's affidavit which defendant maintains was untimely and should therefore not have been considered by Supreme Court in deciding the motion. We disagree. As plaintiffs' response to defendant's motion was not forthcoming until the day of oral argument, Supreme Court granted defendant's request for an opportunity to respond and accorded plaintiffs similar favor. Then, in further reply to defendant's motion, plaintiffs, 10 days later, furnished the affidavit of a medical doctor which confirmed the pharmacologist's opinion regarding "the inadequacy and inappropriateness of defendant's treatment of plaintiff". Given that the record suggests that there was a misunderstanding as to what issues the parties were to address in their additional responses, and that the court specifically observed that triable issues of fact were raised by the submission of the physician's affidavit, it is fairly inferable that the court deemed this misunderstanding good cause for the delay in the filing of the physician's affidavit (*compare, Thermo Spas v Red Ball Spas & Baths,* 199 AD2d 605, 606; *Bush v Hayward,* 156 AD2d 899, 901, *lv denied* 75 NY2d 709).

Cardona, P. J., Mikoll, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.