■ MARGHERITA SCHULLER, as Administrator of the Estate of MICHAEL SCHULLER, Deceased, Appellant, v MICHAEL J. MARTINELLI et al., Respondents. [759 NYS2d 209] —Rose, J. Appeal

from an order of the Supreme Court (Sheridan, J.), entered February 3, 2002 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

After her husband (hereinafter decedent) died due to a myocardial infarction, plaintiff commenced this medical malpractice action claiming that defendants' repeated rescheduling of decedent's cardiac catheterization breached their duty to timely diagnose and treat him. Moving for summary judgment, defendants asserted that decedent himself had cancelled the catheterization and that he had refused to reschedule the appointment. Defendants also offered the affidavit of an experienced cardiologist who opined that because catheterization would not have cured the underlying coronary artery disease, decedent could have suffered the fatal myocardial infarction even if he had undergone the procedure.

When plaintiff offered no medical testimony in response, Supreme Court found that plaintiff did not meet her burden to submit medical evidence tending to rebut the opinion of defendants' expert, despite an issue of fact as to who had cancelled the catheterization appointments. On appeal, plaintiff argues that, even without expert evidence, the trier of fact could conclude that if decedent had undergone catheterization as scheduled, his heart condition could have been diagnosed and treated, preventing his death.

We disagree. Defendants' expert medical opinion made a prima facie showing of entitlement to summary judgment by effectively denying that the alleged repeated rescheduling of the catheterization was a substantial factor in causing decedent's death (*see Horth v Mansur*, 243 AD2d 1041, 1043 [1997]; *Fridovich v David*, 188 AD2d 984, 985 [1992]). As Supreme Court correctly held, plaintiff's responding submissions were insufficient to establish, by competent medical proof, that defendants were negligent and that there was a causal nexus between that negligence and decedent's death (*see Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916 [2000], *lv denied* 95 NY2d 751 [2000]; *Giambona v Stein*, 265 AD2d 775, 776 [1999]; *cf. Provost v Hassam*, 256 AD2d 875, 879 [1998] [expert opinion that timely diagnosis would have produced a different outcome held sufficient to raise an issue of fact as to causal nexus]). Contrary to plaintiff's contentions, expert testimony was needed here because the medical consequences of a failure to have a catheterization are not "within the ordinary experience and knowledge of laypersons" (*Mosberg v Elahi*, 80 NY2d 941, 942 [1992]; *see Fiore v Galang*, 64 NY2d 999, 1001 [1985]; *Lyons v McCauley*, 252 AD2d 516, 517 [1998], *lv denied* 92 NY2d 814 [1998]; *McGinn v Sellitti*, 150 AD2d 967, 968 [1989]).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.