■ DANA GRZELECKI, Individually and as Administrator of the Estate of CHESTER R. GRZELECKI, Deceased, Respondent, v STEPHEN F. SIPPERLY et al., Appellants, et al., Defendants. [768 NYS2d 47]—

Mercure, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 6, 2002 in Saratoga County, which, inter alia, denied certain defendants' motions for summary judgment dismissing the complaint against them.

In June 1998, Chester R. Grzelecki (hereinafter decedent) sought medical treatment for shortness of breath from the emergency room located at defendant Ellis Hospital in the City of Schenectady, Schenectady County. Sergio Castillo, the physician who treated decedent, performed an examination and ordered several blood tests, a cardiogram and a chest X ray. Castillo made a diagnosis of an anxiety attack, prescribed Xanax and directed decedent to see his primary care physician, defendant Stephen F. Sipperly, whom decedent visited several days later. Sipperly ordered blood tests and a stress test, the results of which were normal, and prescribed more Xanax.

Shortly thereafter, decedent experienced another attack and sought treatment from the emergency room at defendant St. Clare's Hospital in Schenectady. After further testing, the emergency room physician, defendant Steve C. Sung, referred decedent to defendant Kanakaiahnavara Shankar, a cardiologist, who admitted decedent into the hospital for observation. When additional tests ruled out coronary disease, decedent was discharged from the hospital and directed to return to Sipperly, with whom decedent continued to communicate by telephone.

Decedent subsequently returned to the emergency room at St. Clare's, complaining of shortness of breath, nausea, tightness in the left arm and a racing heart. After further testing, decedent was again referred to Shankar by defendant Michael J. O'Brien. Shankar performed yet more tests and sent the results to Sipperly. Thereafter, decedent contacted Sipperly, complaining of insomnia and loss of appetite. Sipperly prescribed additional medications to alleviate those symptoms. Five days later, decedent committed suicide.

Plaintiff, decedent's wife, commenced this action, alleging claims of medical malpractice against the physicians who treated decedent and the hospitals at which he received care. Following joinder of issue, defendants moved or cross-moved for summary judgment dismissing the complaint. Supreme Court granted only the motions of defendant David M. Phelps, a partner of Sipperly, and their partnership, defendant Sipperly & Phelps, LLC. The remaining defendants appeal.

Plaintiff does not dispute that each defendant made a prima facie showing of entitlement to summary judgment. Instead, she asserts that her two expert witness affidavits raised triable issues of fact. We disagree. Where a defendant has demonstrated entitlement to summary judgment, a "plaintiff must adequately rebut [that] showing by establishing a departure from accepted medical practice, as well as a nexus between the alleged malpractice and plaintiff's injury" (*Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 917 [2000], *lv denied* 95 NY2d 751 [2000]). Moreover, "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

Here, the affidavit of plaintiff's psychiatric expert is generalized and fails to either state the specific standard of care from which each defendant deviated or to distinguish between the standard of care owed by each defendant in their differing roles in decedent's medical care. Further, the psychiatrist does not explain how the suicide would have been avoided had decedent received a psychiatric evaluation (*see Douglass v Gibson*, 218 AD2d 856, 858 [1995]; *Fridovich v David*, 188 AD2d 984, 986 [1992]). To the contrary, while the psychiatrist states that a determination of the patient's risk level must be made through contact with family members, friends, other medical records and all available material, the record indicates that decedent never stated that he felt depressed or expressed suicidal ideation to anyone, including plaintiff, and his medical history did not indicate any depression or suicidal tendencies.

Similarly, although the expert affidavit of a family practitioner does address each defendant physician separately, the affidavit erroneously states that decedent presented with obvious symptoms of depression in addition to his panic attacks and that he was diagnosed with severe depression. These statements are unsupported by any evidentiary foundation; indeed, they are contradicted by the record, as is the expert's speculation that decedent "would have been glad to be admitted to any place" that would have treated his depression. Thus, this affidavit lacks probative force (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). In sum, the expert affidavits submitted by plaintiff are speculative, conclusory and generalized, fail to identify symptoms upon which a diagnosis of severe depression could have been made and do not provide a causal nexus between the alleged malpractice and decedent's suicide. Accord-

ingly, we conclude that plaintiff failed to raise an issue of fact precluding summary judgment (*see Rossi v Arnot Ogden Med. Ctr., supra* at 918; *Fridovich v David, supra* at 985-986).

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions of defendants Stephen F. Sipperly, Steve C. Sung, Kanakaiahnavara Shankar, Michael J. O'Brien, St. Clare's Hospital and Ellis Hospital; motions granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.