■ JUDITH GAGE et al., Appellants, v GEORGE DUTKEWYCH et al., Respondents. [771 NYS2d 202]—

Cardona, P.J. Appeal from an order of the Supreme Court (Dowd, J.), entered December 16, 2002 in Chenango County, which granted defendants' motions for summary judgment dismissing the complaint.

On November 12, 1997, plaintiff Judith Gage was admitted to defendant Community Memorial Hospital (hereinafter CMH) following complaints of severe abdominal pain. Gage's admission assessment noted that she had a history of tinnitus "on one side." During her hospitalization, Gage was treated by defendant George Dutkewych, a physician, who performed a laparoscopy and diagnosed her with acute diverticulitis. As part of her course of treatment, she received an aminoglycoside antibiotic called Gentamicin. It is undisputed that Gage was administered seven doses of Gentamicin over a 52-hour period. She was discharged from CMH on November 17, 1997 and, thereafter, had three follow-up visits with Dutkewych.

Gage and her husband, derivatively, commenced this medical malpractice action against Dutkewych and CMH for the treatment that Gage received at CMH from November 12-17, 1997, claiming, inter alia, that she should not have been administered Gentamicin because of her prior history of hearing problems and the fact that there were safer alternative drugs available. Plaintiffs further allege that defendants were negligent in failing to properly evaluate, monitor and document Gage's condition and complaints. As a result of defendants' treatment, plaintiffs allege that Gage suffered hearing loss, constant

vertigo, fuzzy vision, ambulating with a wide gait and other related conditions. After joinder of issue, Dutkewych moved and CMH cross-moved for summary judgment dismissing the complaint. Supreme Court granted both motions, resulting in this appeal.

Initially, we are unpersuaded by plaintiffs' contention that defendants failed to meet their burden of setting forth a prima facie showing of entitlement to summary judgment. In support of their motions, defendants submitted affidavits, deposition testimonies and medical records disputing plaintiffs' malpractice claims. Notably, the expert affidavits of physician Mitchell Brodey and pharmacist Mariane McLaughlin supported defendants' assertion that Gage could not have sustained her claimed injuries as a result of the dosage and duration of Gentamicin administered to her. Specifically, in his affidavit, Brodey averred that he is board certified in internal medicine with a specialization in infectious diseases. He opined that the medications administered to Gage by Dutkewych were entirely appropriate in treating diverticulitis and that it was not a deviation from accepted standards of medical care to order Gentamicin in monitored dosage for a diverticulitis patient with a history of tinnitus.* He further opined that the dosage of Gentamicin delivered to Gage was, at all times, within appropriate levels. In Brodey's opinion, the conditions that Gage complained of could not have been caused by Gentamicin as administered to her and, therefore, the care provided by Dutkewych and CMH was appropriate and within accepted standards of medical care.

Similarly, McLaughlin averred that she is a registered pharmacist and has a Doctor of Pharmacy degree with an emphasis in pharmacokinetics and infectious diseases. She stated that the antibiotics given to Gage, including Gentamicin, were and still are recognized and accepted as extremely effective in the treatment of diverticulitis and she also indicated that the dosage of Gentamicin needs to be monitored to prevent ototoxicity from the drug. She noted that preexisting hearing loss is a risk factor for ototoxicity only when combined with renal impairment, a problem Gage did not have. In relation to the dosage of Gentamicin administered to Gage and the levels of the drug in her system, McLaughlin opined that, based upon her calculations, Gage at all times received appropriate levels of

---

* Dutkewych, who took his own patient medical history, testified at his examination before trial that he was not aware of Gage's prior history of tinnitus at the time that he prescribed Gentamicin. Nevertheless, Dutkewych stated that, even with that information, his treatment would not have changed and he would have still prescribed that drug as administered and monitored.

Gentamicin and the concentrations of the drug in Gage's system never exceeded 10 micrograms per milliliter, which is 2 micrograms per milliliter less than the level of Gentamicin associated with increased risk of ototoxicity. According to McLaughlin, the injuries described by Gage could not have been caused by Gentamicin at the dosage and duration administered in this case. Based upon defendants' submissions, we find that they established their initial entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327 [1986]; *Horth v Mansur*, 243 AD2d 1041, 1043 [1997]).

Accordingly, it became plaintiffs' obligation to submit medical evidence tending to rebut the opinion of defendants' experts in order to defeat the motions for summary judgment (*see Schuller v Martinelli*, 304 AD2d 967, 968 [2003], *lv denied* 100 NY2d 509 [2003]). Here, plaintiffs submitted, inter alia, the affidavit of a medical expert, name redacted, who is board certified in general surgery. As noted by Supreme Court, the alleged deviations from accepted medical care noted by the expert therein concerning the prescribing, administration and monitoring of the Gentamicin are rote recitals of the allegations in plaintiffs' bill of particulars. In addition, the expert's only statement as to proximate cause was the opinion that the described deviations are "consistent as causal" to Gage's current medical status. We agree with Supreme Court that this opinion is speculative and does not sufficiently establish the requisite nexus between the alleged malpractice and Gage's injuries (*see id.* at 968; *Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 918 [2000], *lv denied* 95 NY2d 751 [2000]; *Douglass v Gibson*, 218 AD2d 856, 858 [1995]). Moreover, the affidavit wholly failed to rebut defendants' prima facie showing that, regardless of any alleged deficiencies in monitoring Gage's condition, the dosages of Gentamicin involved herein could not have caused her injuries (*see Brugaletta v Staten Is. Univ. Hosp.*, 295 AD2d 461, 462 [2002]). Under the circumstances, Supreme Court did not err in granting defendants' motions for summary judgment.

Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.