▪ MICHAEL SAWCZYN et al., Respondents, v RED ROOF INNS, INC., Appellant. [789 NYS2d 572]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered January 30, 2004. The order denied defendant's motion seeking summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action to recover damages for personal injuries sustained by Michael Sawczyn (plaintiff) and alleged that defendant's employees were negligent in failing to summon medical assistance for plaintiff after he suffered a stroke. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant established its entitlement to judgment as a matter of law and plaintiffs failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant's medical expert averred that the effects of the stroke would not have been less severe had plaintiff received medical attention on the morning of September 3, 1997, instead of on September 4, 1997. Plaintiffs' medical expert failed to raise a question of fact whether plaintiff would have been a candidate for tissue plasminogen activator therapy on September 3. It is undisputed that such therapy must be given within three hours of a stroke; here, however, it was unknown whether the stroke occurred within the three hours before defendant's employees were first contacted concerning plaintiff. Thus, we conclude that the affidavit of plaintiffs' expert was speculative and failed to establish a causal nexus between plaintiff's injuries and the alleged negligence (*see Gage v Dutkewych*, 3 AD3d 629, 631 [2004]; *see also Kaplan v Hamilton Med. Assoc.*, 262 AD2d 609, 610 [1999]).

Plaintiffs' medical expert also opined that the effects of the stroke were "worsened" by the delay in that plaintiff was hypertensive and dehydrated, sustained increased brain swelling, and was not promptly treated with an anticoagulant. Those averments do not raise a triable issue of fact because they are speculative and conclusory. Plaintiffs' expert failed to describe or quantify the alleged impact that the delay had on the effects of plaintiff's stroke or how such an impact might have been avoided, and thus failed to establish any causal nexus between the delay and plaintiff's post-stroke condition (*see Gage*, 3 AD3d at 631; *Koeppel v Park*, 228 AD2d 288, 290 [1996]). We therefore reverse the order and grant the motion for summary judgment dismissing the complaint.

All concur except Green, J.P., who dissents and votes to affirm in the following Memorandum.

Green, J.P. (dissenting). I respectfully dissent. "It is axiomatic that summary judgment is a drastic remedy which should not be granted where there is any doubt as to the existence of a triable issue of fact . . . or where such issue is even arguable" (*Tronlone v Lac d'Amiante Du Quebec*, 297 AD2d 528, 528-529 [2002], *affd* 99 NY2d 647 [2003]). The parties' experts provided

sharply conflicting opinions whether defendant's delay in summoning medical care contributed to the injuries sustained by Michael Sawczyn (plaintiff). " '[C]onflicting expert opinions may not be resolved on a motion for summary judgment' " (*Pittman v Rickard*, 295 AD2d 1003, 1004 [2002]), and the issue whether defendant's alleged negligence proximately caused plaintiff's injuries is properly left for the trier of fact (*see generally Brown v State of New York*, 192 AD2d 936, 937-938 [1993], *lv denied* 82 NY2d 654 [1993]). Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.