JANE DeLORENZO, Appellant, v ST. CLARE'S HOSPITAL OF SCHENECTADY, N.Y., Respondent. [892 NYS2d 678]—

Kavanagh, J.

On October 14, 2004, plaintiff was treated in defendant's emergency room for dog bites that she had sustained on her

wrist and thigh. After the injuries were cleaned and stitched, antibiotics were applied and the wounds were wrapped with a sterile dressing. Plaintiff was prescribed certain medications, including oral antibiotics, and later discharged from the hospital with instructions on how she should care for her wounds. The next day, plaintiff returned to the emergency room complaining of increased pain in the area of the wound to her wrist, and a red line indicating the presence of an infection was noted extending down the length of her arm. As a result, plaintiff was admitted to the hospital and surgery was performed to remove an abscess that had formed on the site of one of her wounds.

Plaintiff, thereafter, commenced this medical malpractice action claiming that defendant was negligent in the treatment it provided in the emergency room and in the instructions given to her in regard to the care of her injuries upon her discharge.* After filing a note of issue and declaring that discovery was complete, defendant moved for summary judgment dismissing the complaint. Plaintiff, in turn, alleged that defendant had failed to comply with Supreme Court's discovery order and sought an order striking defendant's answer. Supreme Court denied plaintiff's motion to strike defendant's answer and granted defendant's motion for summary judgment dismissing the complaint. Plaintiff now appeals, claiming that defendant's motion for summary judgment should have been denied because questions of fact exist as to whether defendant was negligent in the treatment it provided her in the emergency room and in the quality of the instructions it gave her upon her discharge. We disagree and affirm Supreme Court's order granting summary judgment dismissing plaintiff's complaint.

In support of its position that it was not negligent, defendant presented testimony of the nurse who treated plaintiff in the emergency room after her wounds had been stitched and closed. The nurse, Dana Brizee, testified that after applying antibiotic cream to the site of the wounds, she dressed them and gave plaintiff a prescription for medications, which included an oral antibiotic. The nurse also testified, and plaintiff confirmed, that before plaintiff left the emergency room, she was given detailed instructions on how to properly care for her wounds. Defendant also offered an affidavit from Orion J. Colfer, a board-certified physician specializing in emergency room medicine. Colfer

---

* The supplemental complaint named as defendants Andrea Carrasco, plaintiff's treating physician who admitted her to the hospital, and Provident Emergency Medicine Associates, P.C., Carrasco's employer. However, as a result of a stipulation of discontinuance and an order of Supreme Court, neither Carrasco nor Provident continue to be parties to this action.

stated that the use of bacitracin and the medications prescribed in the emergency room were appropriate, and that the discharge instructions given plaintiff fully complied with all applicable medical standards. He further explained that the infection noted in plaintiff's wound upon her return to the hospital was a common risk attendant to dog bites and could occur even if the patient had received appropriate medical care when her wounds were initially treated. Defendant's submissions were sufficient to show that it was not negligent in the manner in which it treated plaintiff, shifting the burden to plaintiff to show " 'through competent expert medical opinion evidence, both a deviation from the accepted standard of care and that the departure was a proximate cause of [plaintiff's injuries]' " (*Daugharty v Marshall*, 60 AD3d 1219, 1221 [2009], quoting *Bell v Ellis Hosp.*, 50 AD3d 1240, 1241 [2008]; *see Hoffman v Pelletier*, 6 AD3d 889, 890 [2004]; *Gage v Dutkewych*, 3 AD3d 629, 630 [2004]).

In response, plaintiff offered an affidavit of her attorney who, in addition to claiming that discovery had not yet been completed, argued that defendant's motion for summary judgment should have been denied because questions of fact exist as to whether the quality of care provided plaintiff in the emergency room and the instructions given her upon her discharge complied with the applicable standards of care. Initially, we note that plaintiff has failed to offer any competent medical evidence to support her claims of medical malpractice and, in particular, has not presented any expert testimony that the care rendered by defendant departed from the accepted standards of medical practice (*see Snyder v Simon*, 49 AD3d 954, 956 [2008]; *Passero v Puleo*, 17 AD3d 953, 954 [2005]; *Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990, 990-991 [2003]; *Schuller v Martinelli*, 304 AD2d 967, 968 [2003], *lv denied* 100 NY2d 509 [2003]). In that regard, "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant['s] . . . summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *see Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d at 990-991; *Grzelecki v Sipperly*, 2 AD3d 939, 941 [2003]).

As for plaintiff's complaint that she never signed the form setting forth the instructions she should follow in caring for her wounds upon being discharged, the fact is that plaintiff acknowledged during her deposition that she had read these instructions and believed that she understood them. The mere absence of her signature from this form, given this acknowledg-

ment, does not serve to create a question of fact regarding the adequacy of these instructions and does not, by itself, require denial of defendant's motion for summary judgment.

Plaintiff also claims that defendant failed to take an appropriate medical history from her when she presented at the emergency room and, as a result, she was prescribed medication to which she was allergic. However, it was plaintiff's treating physician—and not a member of defendant's staff—who issued the prescription in question. Moreover, expert testimony was presented that the symptoms plaintiff experienced could well have been a normal reaction to such medication. Furthermore, when plaintiff was subsequently admitted to the hospital with her infection, she stated that she had no known allergies and no medical evidence has been presented certifying that she is, in fact, allergic to the medications or that she knew, while being treated in the emergency room, that she or any member of her family were afflicted with such an allergy. Therefore, even a more detailed inquiry of plaintiff regarding her medical history would not have revealed that she was allergic to any of the prescribed medications.

Finally, in response to plaintiff's claim that summary judgment was premature because discovery had not been completed (*see* CPLR 3212 [f]), we note that, as limited by her notice of appeal, plaintiff did not appeal Supreme Court's order denying her motion to strike defendant's answer. As a result, she has waived her right to appeal that part of the same order that addressed the status of pretrial discovery and its effect on defendant's motion for summary judgment (*see Brodeur v Hayes*, 18 AD3d 979, 981 [2005]; *Dellith v Oneonta City School Dist.*, 280 AD2d 864, 865 [2001]; *Clifford R. Gray, Inc. v City School Dist. of Albany*, 277 AD2d 843, 846-847 [2000]). In any event, plaintiff has failed to identify any evidence that might have been developed if additional discovery had been conducted that would have served to bar Supreme Court's order granting defendant's motion for summary judgment dismissing the complaint (*see* CPLR 3212 [f]; *Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]; *Ahigian v Davis*, 6 AD3d 956, 957 [2004]; *Ramesar v State of New York*, 224 AD2d 757, 759 [1996]).

Plaintiff's remaining contentions have been reviewed and found to be lacking in merit.

Spain, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.